30768. STODGHILL *v.* THE STATE.

DECIDED JANUARY 19, 1945.

*LeRoy Finch, Jackson L. Barwick,* for plaintiff in error.

*Lindley W. Camp, solicitor, John A. Boykin, solicitor-general, Durwood T. Pye,* contra.

MACINTYRE, J. Here the evidence showed that a lottery was in operation in the county in question and on the date alleged in the accusation; the manner of its operation was detailed. W. G. Densmore, a city officer, testified that he, along with other city officers, went into the room of the defendant, a woman; that no one else was present in the room at the time; that she was in bed; that a lottery book, with the original tickets for the day in it, was under the pillow on which she was lying; that this lottery book of original tickets was gotten up in the usual fashion; that she made no statement at the time about her husband or any other boy rooming in the house, and did not deny that it was her book or anything like that. When the officers found it under the pillow she just got up and dressed. The defendant made the following statement to the jury: "I was laying in bed and they knocked on the door and waked me up and I opened the door and I didn't know the book was under the pillow. I didn't put it there and

didn't know anything about it. My husband lives with me, and we had a boy rooming in the house at the time, another boy rooming there."

The jury were authorized to find that the tickets were in the personal possession of the defendant, and thus to find that the presumption, if any, that the possession of the book was in her husband, was rebutted, and from the evidence as a whole to find that the defendant was participating in the operation of the lottery. *Hightower* v. *State,* 63 *Ga. App.* 265 (10 S. E. 2d, 765); *Thomas* v. *State,* supra. The judge did not err in dismissing and overruling the certiorari.

*Judgment affirmed.* *Broyles, C. J., and Gardner, J., concur.*